By the Court.—Sedgwick, J.
If the learned court below was correct, in denying the motion, on the ground that there had been laches in making the application to set up the discharge in bankruptcy, the appellant showed no right to have the inquest opened, for it was practically admitted, or, at least, the papers disclosed that on the merits the appellants could rely only on the discharge. Under the circumstances, whether the appellant should have leave to make the defense was within the discretion of the court.
This discretion was not regulated alone by the *222 character of the immediate issue. Its exercise depended also upon considerations of general rules, involving public policy. One of these is that unreasonable and unexplained delay in making an application, requires a denial of the application. In the present, case it cannot be held that the facts show that the court exercised its discretion improperly.
The action was begun in September, 1869. In March, 1871, the defendant obtained his discharge in bankruptcy. In 1872, the inquest was taken, and in June of that year judgment was entered. It appeared in evidence that the defendant knew that execution had been issued. The papers show that he was aware of the necessity of setting up the discharge by answer, in order to benefit by it, in this action. No application to set up the discharge was made until 1879, and after an order of examination in supplementary proceedings had been served. There are no facts alleged which appear to have required the court to hold that this, delay was excused.
The order should be affirmed, with $10 costs.
Curtis, Ch. J., concurred.